UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANSWAN CLAVELLE, et al., | No. 2:14-CV-01143-GEB-KJN |
| Plaintiffs, | |
| v. | ORDER |
| SUPERIOR COURT OF SOLANO COUNTY, et al., | |
| Defendants. | |

Plaintiffs Franswan and Malika Clavelle move for a temporary restraining order. Pls.' Mot. for Temporary Restraining Order ("Mot.") at 1, ECF No. 1. As explained below, the court DENIES the motion.[1]

I.   BACKGROUND

Plaintiffs filed the instant motion on May 8, 2014, *id.* at 1, accompanied by a temporary restraining order checklist, ECF No. 3. They seek an emergency stay of a family-law hearing scheduled for May 9, 2014 in the Superior Court of California, County of Solano. *Id.* They do not state the precise nature of the proceeding, but, based on the papers, the court infers that it relates to custody or termination of parental rights. *See id.* at 2–6.

---

[1] The undersigned addresses the motion as the district court's current "duty judge."

1

The motion is premised on several asserted violations of the Indian Child Welfare Act ("ICWA"), 25 U.S.C. §§ 1901–63, committed by various state-court officials and Solano County Child Welfare Services employees. *Id.* at 2. The violations relate to procedural guarantees, such as notice and provision of counsel, purportedly required under the ICWA. *Id.*

## II. STANDARD

The court may grant a temporary restraining order where the moving party is "likely to succeed on the merits, . . . likely to suffer irreparable harm in the absence of preliminary relief, . . . the balance of equities tips in his [or her] favor, and . . . an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) ); *see also Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (analysis for temporary restraining orders and preliminary injunctions is "substantially identical"). "Under the 'sliding scale' approach . . . the elements . . . are balanced, so that a stronger showing of one element may offset a weaker showing of another." *Pimentel v. Dreyfus*, 670 F.3d 1096, 1111 (9th Cir. 2012) (citations and internal quotation marks omitted). However, "'at an irreducible minimum, the moving party must demonstrate a fair chance of success on the merits, or questions serious enough to require litigation.'" *Guzman v.* Shewry, 552 F.3d 941, 948 (9th Cir. 2008) (quoting *Dep't of Parks & Recreation v. Bazaar Del Mundo, Inc.*, 448 F.3d 1118, 1124 (9th Cir. 2006)). Where a party has not shown likelihood of success on the merits, the court need not address the remaining *Winter* elements. *See Pimentel*, 670 F.3d at 1111.

## III. ANALYSIS

As an initial matter, the court notes that plaintiffs have failed to comply with Local Rule 231, which governs issuance of a temporary restraining order. The rule requires that "the following documents are provided to the Court":

(1) a complaint;

(2) a motion for temporary restraining order;

(3) a brief on all relevant legal issues presented by the motion;

(4) an affidavit in support of the existence of an irreparable injury;

>> (5) an affidavit detailing the notice or efforts to effect notice to the affected parties or counsel or showing good cause why notice should not be given . . . ;
>> (6) a proposed temporary restraining order with a provision for a bond . . . ;
>> (7) a proposed order with blanks for fixing the time and date for hearing a motion for preliminary injunction, the date for the filing of responsive papers, the amount of the bond, if any, and the date and hour of issuance . . . ;
>> (8) in all instances in which a temporary restraining order is requested ex parte, the proposed order shall further notify the affected party of the right to apply to the Court for modification or dissolution on two (2) days' notice or such shorter notice as the Court may allow.

L.R. 231(c). Plaintiffs, however, have provided only a motion and a brief. Thus, the motion is defective. *See id.* Nonetheless, in light of plaintiffs' *pro se* status, the court addresses the merits. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed . . . ." (citation and internal quotation marks omitted)); *cf.* FED. R. CIV. P. 8(f) ("All pleadings shall be construed so as to do substantial justice.").

"The Supreme Court in *Younger* [*v. Harris*, 401 U.S. 37, 38 (1971),] 'espouse[d] a strong federal policy against federal-court interference with pending state judicial proceedings.'" *H.C. ex rel. Gordon v. Koppel*, 203 F.3d 610, 613 (9th Cir. 2000) (quoting *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982)). "Absent extraordinary circumstances, *Younger* abstention is required if the state proceedings are (1) ongoing, (2) implicate important state interests, and (3) provide the plaintiff an adequate opportunity to litigate federal claims." *San Remo Hotel v. City & Cnty. of S.F.*, 145 F.3d 1095, 1103 (9th Cir. 1998). "When the case is one in which the *Younger* doctrine applies, the case must be dismissed." *Koppel*, 203 F.3d at 613. "Extraordinary circumstances" include "a

statute [that is] . . . flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph," as well as "bad faith and harassment." *Younger*, 401 U.S. at 53.

*H.C. ex rel. Gordon v. Koppel* controls. 203 F.3d at 613. The plaintiffs there sought federal-court intervention in ongoing, state-court custody proceedings. *Id.* at 611–12. The court, applying *Younger*, found abstention proper because the case met each of the three elements. *Id.* at 613. Thus, the court held dismissal proper. *Id.* at 614.

Here, *Younger* abstention likewise requires the court to abstain from interfering with the state-court proceedings. First, the proceedings, as indicated the hearing scheduled for May 9, 2014, are ongoing. Second, "'[f]amily relations are a traditional area of state concern,'" *id.* (quoting *Moore v. Sims*, 442 U.S. 415, 435 (1979)), "over which federal courts have no general jurisdiction," *id.* (citing *Ankenbrandt v. Richards*, 504 U.S. 689, 697–701 (1992)), and "state courts have special expertise and experience," *id.* (citing *Hisquierdo v. Hisquierdo*, 439 U.S. 572, 581 (1979)). *See also Yancey v. Bonner*, 323 F. App'x 674, 676 (10th Cir. 2009) (applying *Younger* abstention to custody proceedings involving the ICWA). Thus, important state interests are implicated. Third, because the litigation in state court continues, plaintiffs "have an adequate state forum in which to pursue their federal claims," and "may appeal through those courts after final judgment." *Koppel*, 203 F.3d at 613. Finally, no "extraordinary circumstances" are present. *See Younger*, 401 U.S. at 53. This court, therefore, must abstain from hearing the action and instead dismiss it.

Plaintiffs have not shown a likelihood of success on the merits, *Winter*, 555 U.S. at 20, and the court declines to address the remaining *Winter* elements, *Pimentel*, 670 F.3d at 1111.[2]

---

[2] Plaintiffs' briefing, filed late in the day on May 8th, does not furnish the time of the hearing and notes only on the cover sheet that the hearing is to be held on May 9, 2014. Mot. at 1. However, in an exhibit accompanying the brief, the Findings and Orders After Jurisdiction Hearing dated May 1, 2014, note that the next hearing is to be held on May 9, 2014 at 8:30 a.m. To the extent plaintiffs seek to enjoin the morning hearing, at the time of this writing, the motion is moot. *Chafin v. Chafin*, __ U.S. __, 133 S.Ct. 1017, 1023 (2013) ("There is no case

IV.     CONCLUSION

        Plaintiffs' motion is DENIED.

        IT IS SO ORDERED.

DATED: May 9, 2014.

_____
UNITED STATES DISTRICT JUDGE

---

or controversy [necessary for jurisdiction], and a suit becomes moot, when the issues presented are no longer 'live' . . . ." (citation and internal quotation marks omitted)).