UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANSWAN CLAVELLE, et al., | No.  2:14-cv-1143-GEB-KJN PS |
| Plaintiffs, | |
| v. | ORDER AND |
| SUPERIOR COURT OF SOLANO COUNTY, et al., | FINDINGS AND RECOMMENDATIONS |
| Defendants. | |

On May 8, 2014, plaintiffs Franswan Clavelle and Malika Clavelle, proceeding without counsel, filed a "Writ for Relief of Illegal Order and Motion to Invalidate Orders Entered in Violation of the Indian Child Welfare Act" (construed as a motion for a temporary restraining order ["TRO"]) accompanied by a motion to proceed in forma pauperis and a TRO checklist. (ECF Nos. 1-3.)[1]

Plaintiffs' motion sought an emergency stay of a May 9, 2014 juvenile court hearing in the Solano County Superior Court, as well as invalidation of all juvenile court orders and proceedings relating to the foster placement and other custody matters concerning plaintiffs' minor child.  The motion was premised on several asserted violations of the Indian Child Welfare

---

[1] This action proceeds before the undersigned pursuant to E.D. Cal. L.R. 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

Act, 25 U.S.C. §§ 1901 et seq. ("ICWA"), purportedly committed by various state court officials, Solano County Child Welfare Services employees, and Contra Costa County Children and Family Services employees. These alleged violations primarily relate to procedural guarantees, such as failure to provide sufficient notice of the juvenile court proceedings to the parents and the appropriate tribal authorities, as well as failure to provide counsel for purposes of such proceedings. (See ECF No. 1 at 1-10.)

The court grants plaintiffs' motion to proceed in forma pauperis, because the application in support of that motion makes the showing required by 28 U.S.C. § 1915(a)(1). However, the determination that plaintiffs may proceed in forma pauperis does not complete the required inquiry. Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time if it determines that the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

On May 9, 2014, the duty district judge denied plaintiffs' motion for a TRO on Younger abstention grounds, indicating that the court "must abstain from hearing the action and instead dismiss it." (ECF No. 4.) Younger abstention, discussed further below, may be raised sua sponte by the court, even on appeal. H.C. ex rel. Gordon v. Koppel, 203 F.3d 610, 613 (9th Cir. 2000).

As an initial matter, it is unclear whether any proceedings in this court remain after adjudication of plaintiffs' motion for a TRO. As the duty district judge noted, plaintiffs did not file a complaint, but only a motion and a brief, and thus there is no operative pleading. (ECF No. 4 at 3.) Nevertheless, even if plaintiffs' already-denied motion for a TRO is liberally construed as a complaint, the court recommends that the action be dismissed without prejudice for the reasons outlined in the order denying the TRO. In that order, the court explained:

> "The Supreme Court in *Younger* [*v. Harris*, 401 U.S. 37, 38 (1971),] 'espouse[d] a strong federal policy against federal-court interference with pending state judicial proceedings.'" *H.C. ex rel. Gordon v. Koppel*, 203 F.3d 610, 613 (9th Cir. 2000) (quoting *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982)). "Absent extraordinary circumstances, *Younger* abstention is required if the state proceedings are (1) ongoing, (2) implicate important state interests, and (3) provide the plaintiff an adequate opportunity to litigate federal claims." *San Remo Hotel v.*

> *City & Cnty. of S.F.*, 145 F.3d 1095, 1103 (9th Cir. 1998). "When the case is one in which the *Younger* doctrine applies, the case must be dismissed." *Koppel*, 203 F.3d at 613. "Extraordinary circumstances" include "a statute [that is] . . . flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph," as well as "bad faith and harassment." *Younger*, 401 U.S. at 53.
>
> *H.C. ex rel. Gordon v. Koppel* controls. 203 F.3d at 613. The plaintiffs there sought federal-court intervention in ongoing, state-court custody proceedings. *Id.* at 611-12. The court, applying *Younger*, found abstention proper because the case met each of the three elements. *Id.* at 613. Thus, the court held dismissal proper. *Id.* at 614.
>
> Here, *Younger* abstention likewise requires the court to abstain from interfering with the state-court proceedings. First, the proceedings, as indicated by the hearing scheduled for May 9, 2014, are ongoing. Second, "'[f]amily relations are a traditional area of state concern,'" *id.* (quoting *Moore v. Sims*, 442 U.S. 415, 435 (1979)), "over which federal courts have no general jurisdiction," *id.* (citing *Ankenbrandt v. Richards*, 504 U.S. 689, 697-701 (1992)), and "state courts have special expertise and experience," *id.* (citing *Hisquierdo v. Hisquierdo*, 439 U.S. 572, 581 (1979)). *See also Yancey v. Bonner*, 323 F. App'x 674, 676 (10th Cir. 2009) (applying *Younger* abstention to custody proceedings involving the ICWA). Thus, important state interests are implicated. Third, because the litigation in state court continues, plaintiffs "have an adequate forum in which to pursue their federal claims," and "may appeal through those courts after final judgment." *Koppel*, 203 F.3d at 613. Finally, no "extraordinary circumstances" are present. *See Younger*, 401 U.S. at 53. This court, therefore, must abstain from hearing the action and instead dismiss it.

(ECF No. 4 at 3-4.)

Although the court is sympathetic to plaintiffs' apparent distress concerning the future of their minor child and their parental rights, the court adopts the above reasoning by the duty district judge in recommending dismissal of plaintiffs' action. However, dismissal of the action should be without prejudice. Importantly, the court expresses no opinion regarding the merits or ultimate success of plaintiffs' claims involving their rights under the ICWA, but merely holds that these claims cannot be pursued in federal court at this juncture. Instead, these issues concerning the ICWA should be raised in the state court proceedings and any resulting appeals to the state appellate courts.

////

Accordingly, for the reasons outlined above, IT IS HEREBY ORDERED that:

1. Plaintiffs' motion to proceed in forma pauperis (ECF No. 2) is granted.
2. Any pleading, motion practice, and discovery in this action are stayed pending resolution of these findings and recommendations by the district judge.

IT IS ALSO HEREBY RECOMMENDED that the action be dismissed without prejudice based on the Younger abstention doctrine.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED AND RECOMMENDED.

Dated: May 16, 2014

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE